```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF RHODE ISLAND
```

In re:

    NARRAGANSETT PELLET CORPORATION            BK. 08-10699
    Debtor-In-Possession                                    CHAPTER 11

**<u>ORDER SETTING FORTH TERMS OF SALE</u>**

This matter came before the Court on December 16, 2008 on: the Notice of Intended Sale filed by Stacy B. Ferrara, Chapter 11 trustee; the objections filed by the Debtor and Fire Pro International; and Sovereign Bank's Response to Objection to Trustee's Motion to Sell, and after hearing thereon and consideration thereof said Notice of Intended Sale was approved on December 16, 2008 (Doc. No. 227). The Trustee submitted a proposed Order Approving Sale on January 5, 2009 (Doc. No. 232), the Court adopted the Trustee's proposed order (Doc. No 232) with certain modifications. Accordingly, it is hereby

ORDERED:

1. Pursuant to this Court's Order Approving Notice of Intended Sale (Doc. No. 227) dated December 16, 2008, the Trustee is authorized to transfer and sell all of the Debtor's property that was identified as the "Assets" in the "Offer to Purchase" that was attached to and filed with such Notice of Intended Sale (Such Offer to Purchase being incorporated herein

and made a part hereof) (the "Assets") to Inferno Wood Pellet, Inc. ("Purchaser") for the sum of $2,655,000, and the objections of the Debtor and FIREPRO International to such proposed transfer and sale are overruled;

    2.   The sale of the Assets shall be made free and clear of all debts, liens, claims and encumbrances. All mortgages, liens and other encumbrances shall attach to the proceeds of the sale. Specifically included within the Assets to be provided and to thereafter be held by the Purchaser, without limitation, are all rights and entitlements of the Debtor in and to any and all licenses, certificates (including certificates of occupancy and all rights and entitlements in, to, and associated with the same), and all other approvals issued to or otherwise held by the Debtor in connection with or in order for it to operate its business, all of which, upon closing, the Purchaser shall be deemed to and shall have succeeded to, and shall thereafter hold as fully as the Debtor held the same;

    3.   Sovereign Bank ("Bank") is granted an allowed, first priority secured claim in the amount of $2,962,171.51 as of March 12, 2008, exclusive of attorney's fees and expenses. Upon receipt of the sale proceeds, the Trustee shall disburse to Bank the sum of $2,000,000, plus any amounts advanced by Bank in payment of

insurance premiums on behalf of the estate. In return for the payment of $2,000,000 and reimbursement, Bank shall subordinate the balance of its claim to all other claims in this case, and will not participate in any distribution as an unsecured creditor of the Debtor. All of the Bank's rights and remedies to collect the entire deficiency due the Bank from any and all guarantors of the outstanding indebtedness of the Debtor to Bank are expressly reserved by the Bank;

    4.   The Debtor and the estate waive and release any and all claims, causes of action, demands, and liabilities of any nature, both in law and equity, whether known or unknown, suspected or claimed, which the Debtor and/or the estate ever had, now have or hereafter may have or claim to have against the Bank, its officers, employees, agents, directors and attorneys by reason of any act, transaction, practice, conduct or omission of bank, its officers, agents, directors, employees and/or attorneys that arose or occurred from the beginning of the world through the date of the entry of this Order;

    5.   Ferris Avenue Realty will receive payment of $200,000 from the sale proceeds and an agreement for payment of $150,000 over time from the Purchaser directly (which sums, totaling

RE:  NARAGANSETT PELLET CORPORATION,     CH. 11 – BK. 08-10699
     Debtor-In-Possession

$350,000, are included in the $2,655,000 purchase price) and a release of all claims by the estate in full satisfaction of any claims it may have in this case. Upon execution of the lease by the Purchaser, and the payment of $200,000 by the Trustee, the claim of Ferris Avenue Realty shall be deemed fully satisfied, and no default by the Purchaser under the lease shall give Ferris Avenue Realty any claims against the estate; and

6.   The Trustee is hereby authorized and permitted to execute and deliver such releases and such other documents as are provided for in the Offer to Purchase, and to otherwise perform and carry out its provisions without need for further order of this Court.


PER ORDER:                              ENTER:

  CS
_____                         _____
Deputy Clerk                            Arthur N. Votolato
                                        U.S. Bankruptcy Judge

Entered on docket:  1/16/09


Presented by

/s/  Andrew S. Richardson
Andrew S. Richardson #2608

RE:  NARAGANSETT PELLET CORPORATION,    CH. 11 – BK. 08-10699
     Debtor-In-Possession

4