```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

NARRAGANSETT PELLET CORPORATION     :    BK No: 08-10699
             Debtor                          Chapter 11

- - - - - - - - - - - - - - - - - -x
```

**<u>ORDER DENYING MOTION FOR LEAVE TO FILE ADVERSARY ACTION</u>**

This Chapter 11 case was filed on March 14, 2008, and a Chapter 11 Trustee was appointed shortly thereafter. On September 17, 2008, Leon A. Blais, Esq. (Blais) filed a "Motion for Leave File [sic] Adversary Action Seeking to Equitably Subordinate the Interest and Claims of the City of East Providence [the "City] and of Sovereign Bank ["Bank"] to the Interests and Claims of All Other Creditors, Secured and Unsecured" (the "Motion").[1] The Trustee filed an opposition to the "Motion", on the ground that the alleged

---

[1] In this Order we will refer to Mr. Blais's clients collectively as "Objectors", because it is not clear who Mr. Blais represented, at varying times, in these proceedings. For example, on April 3, 2008, Mr. Blais filed "Debtor's Emergency Motion for Determination of Eligibility of Counsel" (Doc. No. 66). Then, on August 29, 2008, Mr. Blais filed a "Motion to Equitably Subordinate the Interest and Claims of the City of East Providence and Sovereign Bank to the Interests and Claims of All Other Creditors, Secured and Unsecured" (Doc. No. 166). The opening paragraph of this Motion stated that it was filed on behalf of the "Debtor and its shareholders." On the other hand, the signature page of the "Motion for Leave to File Adversary Action" (Doc. No. 173) states that Mr. Blais filed that proceeding on behalf of "Debtor's unsecured creditors who are also its shareholders and/or members of its Board of Directors." Eventually, Attorney Philip E. Irons, Esq., filed his appearance on behalf of the Debtor. Thereafter, Mr. Blais has continued to file pleadings on behalf of the Debtor. (See Debtor's Notice of Reorganization Proposal (Doc. No. 213) filed on December 5, 2008, and Request for Decision (Doc. No. 231) filed on January 5, 2009.)

BK No. 08-10699

claims against the City and the Bank are property of the estate, that she was actively attempting to sell the estate's assets, and that as part of any proposed "sale package" the intention was to compromise the claim against the Bank and to assign the claim against the City to the prospective buyer.  The Trustee also responded in her objection, and at a hearing on October 16, 2008, that the Debtor and/or any other parties would have a full opportunity to object to the proposed disposition of these two claims at a hearing on the Trustee's Notice of Intended Sale.[2]  At the October 16, 2008 hearing, no party was prepared to present evidence, so the Court held a (unrecorded) chambers conference where the Trustee again stated her position, (with which the Court eventually agreed),[3] that the time and the opportunity for the Objectors to address their equitable subordination issues would be at a hearing consolidated with the Trustee's Notice of Intended Sale hearing.[4]

---

[2] The Bank and the City also objected to the Objectors' Motion for Leave to File Adversary Action.

[3] Pursuant to 11 U.S.C. § 323(a), the Trustee is the representative of the Debtor's estate, and pursuant to Section 541(a), all claims against third parties are property of the estate. *See also*, *In re Hopkins*, 346 B.R. 294, 304 (Bankr. E.D.N.Y. 2006) (a prepetition cause of action is property of the estate and only the trustee, as the representative of the estate has standing to sue on the claim).

[4] The Court shares the recollection of counsel for the Trustee and Sovereign Bank, both of whom were present at the chambers

BK No. 08-10699

Mr. Blais correctly argues that he disagreed with and objected to the Court's ruling to combine the hearing on alleged equitable subordination claims, with the Trustee's Notice of Intended Sale, but after hearing arguments, the Court ruled, and it was clearly acknowledged and understood by those in attendance (including Mr. Blais), that all issues would be aired at a combined hearing, see Debtor's Obj. to Trustee's Proposed Sale (Doc. No. 203).[5]

> Debtor herewith files its objection to Trustee's Notice of Proposed Sale.
> Such objection is made for the following reasons:
>  (1) For the purpose of insuring consideration at hearing of Debtor's Equitable Subordination arguments, *the Trustee having contended that such arguments should be considered at hearing on her intended sale*, and
>  (2) For the purpose of allowing competing proposals.

(*emphasis added*). In spite of a lot of history and background on this issue, at the combined hearing on the Trustee's Notice of Intended Sale on December 16, 2008, the Objectors declined and refused to proceed on their equitable arguments in opposition to the Trustee's Notice of Intended Sale. The Objectors also failed

---

conference. See Position Statement With Respect to Debtor's Request for Decision (Doc. No. 240), filed by Sovereign Bank, and Trustee's Response to "Request for Decision" Filed by Debtor (Doc. No. 242), filed by counsel for the Trustee. The Court also agrees with the restatement of events leading to the hearing on the Trustee's Notice of Intended Sale contained in these pleadings, and incorporates them by reference.

[5] This pleading was filed by Philip Irons, Esq., on behalf of the Debtor.

3

BK No. 08-10699

to produce any "competing proposals." Instead, they asked for a 30-day continuance, which was denied.[6] The Trustee's Notice of Intended Sale was thereupon considered, and approved.

Based on the totality of the circumstances, including the entire record of the case from its inception, which is incorporated herein by reference, as well as the Trustee's repeated arguments in opposition to this subject in general, the Objectors' Motion for Leave to File Adversary Action, etc., is **DENIED**, with prejudice, on the merits. Since the gravamen of the "Motion" was disposed of by this Court's December 16, 2008 Order Approving the Trustee's Notice of Intended Sale, said "Motion" is also **DENIED**, on the ground of mootness.

So ORDERED.

Dated at Providence, Rhode Island, this 25th day of February, 2009.

_Arthur N. Votolato_
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 02/25/09

---

[6] On December 5, 2008, eleven days prior to the hearing on the Trustee's Notice of Intended Sale, Mr. Blais filed Debtor's Notice of Reorganization Proposal (Doc. No. 213), stating that the Debtor had received a preliminary proposal for the funding of the "reorganization of the Debtor," subject to confirmation of financing in 30 days.

4